United States District Court
District of Massachusetts

_____
                                    )
**DARRYL DOWDELL,**                 )
    **Petitioner,**          )
                                    )
    v.                      )     Civil No.
                                    )     10-11806-NMG
**UNITED STATES,**                  )
    **Respondent.**         )
_____ )

**MEMORANDUM & ORDER**

**GORTON, J.**

On May 31, 2007, Darryl Dowdell ("Dowdell" or "petitioner") was convicted in this Court of one count of distributing cocaine base and sentenced to 198 months imprisonment. On direct appeal to the United States Court of Appeals for the First Circuit, Dowdell asserted that 1) the delay between his indictment by state authorities and his ultimate trial in federal court violated his Sixth Amendment speedy trial rights and the Interstate Agreement on Detainers ("IAD"), 2) the district court's amendment of the indictment from "cocaine" to "cocaine base" violated the presentment clause of the Fifth Amendment and 3) the trial court abused its discretion on various evidentiary rulings. His conviction was affirmed on February 17, 2010.

On October 21, 2010, Dowdell filed a timely motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the grounds that he was deprived of his Sixth Amendment right to effective

assistance of counsel by attorneys Robert Murray (Ground One), Victoria Bonilla (Ground Two) and Kevin Barron (Ground Three).

The government filed a preliminary memorandum seeking the summary dismissal of Grounds One and Two of the motion to vacate. It noted therein:

> This preliminary memorandum is not intended to be a comprehensive response to the 2255 Petition but merely one which raises summary disposition issues on the IAD claims in a manner the government hopes will be helpful to the Court. If the Court concludes that a more formal response is required, the government will of course do so and will fully brief all grounds on which the requested relief should be denied.

Petitioner has since moved for an order requiring the government to file a status report detailing its efforts to file a response to Ground Three of his petition.

The government moved to compel the testimony of third-party counsel and the production of certain documents pertaining to petitioner's motion to vacate. Oppositions have been filed by the third-party attorneys from whom the government seeks discovery. On January 31, 2011, petitioner moved for leave to file a partial amendment of his motion to vacate, which the government has opposed.

The § 2255 petition and related motions are pending before the Court.

I. **Standard of Review**

Section 2255 of Title 28 of the United States Code is the mechanism by which a prisoner in federal custody who was

convicted in federal district court and whose conviction was upheld on direct review by a federal court of appeals may collaterally challenge his conviction. When presented with a § 2255 petition, the federal district court with jurisdiction over the case will "vacate, set aside or correct the sentence" if:

> the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). In light of the fact that a § 2255 petitioner has already had his conviction and sentence reviewed by a federal court, collateral relief under § 2255 is "an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). To avoid duplicative litigation, § 2255 relief is not available for issues that were decided on direct appeal. Id. at 240.

The Rules Governing Section 2255 Proceedings for the United States District Courts set forth a three-step process for reviewing § 2255 motions: 1) preliminary screening, 2) review to determine the necessity of holding an evidentiary hearing after discovery and expansion of the record and 3) decision following an evidentiary hearing. A district court will deny the motion at the preliminary screening stage if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings

that the moving party is not entitled to relief." Rule 4(b). The First Circuit has described this standard as similar to the one governing Rule 12(b)(6) motions to dismiss under the Federal Rules of Civil Procedure, explaining that a § 2255 petition should be summarily dismissed

> if the [movant's] allegations, accepted as true, would not entitle [him] to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).

If a motion is not dismissed at the preliminary screening stage, the district court will order the United States to respond. Rules 4(b) and 5. The court may also 1) order discovery upon a showing of "good cause," 2) direct parties to submit additional materials to expand the record and 3) hold an evidentiary hearing, if warranted. Rules 6, 7 and 8. Judges sitting in review of § 2255 petitions are

> at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.

United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Indeed, evidentiary hearings on § 2255 petitions "are the exception, not the norm," and petitioners bear a "heavy burden" to demonstrate that one is warranted. Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003).

**II. <u>Preliminary Screening</u>**

The United States contends that the petitioner is plainly not entitled to relief, at least with respect to Grounds One and Two, because petitioner's IAD claim was already found by the First Circuit to be without merit and cannot be re-litigated under the guise of a Sixth Amendment challenge. This Court agrees.

On direct appeal, the First Circuit considered and rejected petitioner's claim that the delay between his state indictment and federal trial violated the IAD. <u>United States</u> v. <u>Dowdell</u>, 595 F.3d 50, 63-66 (1st Cir. 2010). By failing to assert his IAD rights in a timely manner or even bring them to the attention of the trial court, Dowdell forfeited those rights on appeal. <u>Id.</u> at 64. The First Circuit went on to find that Dowdell did not have a colorable IAD claim when he filed his speedy trial motion and, by requesting multiple continuances, Dowdell "may very well have waived [the claim] altogether." <u>Id.</u> at 65-66. To summarize, the First Circuit ruled that Dowdell did not have a colorable IAD claim but, assuming <u>arguendo</u> that he did, he either waived or forfeited it.

Seeking yet another bite at the apple, petitioner has asked this Court to vacate his sentence on the related grounds that Attorneys Murray and Bonilla were constitutionally ineffective because they failed to investigate, assert and preserve his IAD rights. It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in

"ineffective assistance of counsel" garb in a § 2255 petition. See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam) (dismissing claims raised in a § 2255 motion because they were "decided on direct appeal and may not be relitigated under a different label on collateral review"); Ruiz v. United States, 221 F. Supp. 2d 66, 86 (D. Mass. 2002) (dismissing ineffective assistance of counsel claim in petitioner's § 2255 motion because the underlying substantive violation had already been decided by the First Circuit). Petitioner's attempt to do the same here does not resonate.

Even if that were not the case, however, petitioner could not demonstrate the requisite prejudice to establish his ineffective assistance of counsel claim because, as the First Circuit made clear, 1) he never had a colorable IAD claim in the first place and 2) he likely waived any IAD claim he might have had by replacing his counsel every few months and thereby postponing the trial date until May 2007.

Conversely, petitioner's remaining claim, that Attorney Kevin Barron coerced Dowdell into forgoing his right to testify in his defense and thereby violated petitioner's Fifth and Sixth Amendment rights, has not yet been litigated and would otherwise be eligible for review if the Court determines that it may entitle petitioner to the relief he seeks. Before turning to the specifics of petitioner's claim, a brief survey of the case law

is in order.

It is apodictic that "[u]naccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right." Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). In divining the line between "earnest counseling and overt coercion," courts are obliged to consider:

> (1) whether the defendant knew about his constitutional right to testify, and if not, whether he was informed by counsel; (2) the competence and soundness of defense counsel's tactical advice, i.e., whether counsel presents the defendant with sufficient information to permit a "meaningful" voluntary waiver of the right to testify; and (3) any intimidation or threatened retaliation by counsel relating to the defendant's testimonial decision.

Id. at 53-54 (internal citations omitted).

To determine whether petitioner's allegations, if true, entitle him to relief, it is worth reviewing similar instances in which § 2255 petitioners accused their trial counsel of being constitutionally deficient for advising them against testifying or preventing them from doing so. In McCann v. United States, 528 F. Supp. 2d 4, 6-8 (D. Mass. 2008), the petitioner sought to vacate his sentence on the grounds that defense counsel strongly urged him to refrain from testifying prior to trial and informed him at trial, after petitioner stated "I must testify," that he "could not" do so and risk exposing his numerous prior convictions. The Court summarily dismissed the claim for two reasons. First, the Court recognized that allowing such claims would essentially permit defendants to manufacture trial error:

> Criminal defendants cannot assure themselves a new trial by making this sort of brief, injudicious remark and then complaining that the failure of their attorney to change course immediately constituted ineffective assistance of counsel.

Id. at 6. Second, the Court concluded that petitioner could not demonstrate prejudice because the essence of his potential testimony, presented to the Court at sentencing, was "utterly inconsistent" with the evidence presented at trial. Id. at 7.

In Osorio-Norena v. United States, 658 F. Supp. 2d 266, 273 (D. Mass. 2009), which involved a substantially similar situation, the Court reached the same result. After surveying the record, the Court concluded that the petitioner knew he could testify but was "strategically dissuaded from so doing by defense counsel." Id. The Court did not credit petitioner's version of events, which was uncorroborated and consisted of conclusory allegations. Id. Given those circumstances and the fact that counsel did not "compel" petitioner to waive his right to testify, the Court held that an evidentiary hearing was not warranted. Id.; see also Siciliano v. Vose, 834 F.2d 29, 30-31 (1st Cir. 1987) (holding that petitioner was not entitled to an evidentiary hearing where the record indicated that petitioner knew he could testify but counsel strongly advised against it).

Dowdell claims that he informed Attorney Baron, his trial counsel, that he wanted to testify to explain to the jury that he was at a cookout at the time of the drug transaction. According

-8-

to the petitioner, Attorney Baron denied his request to take the stand and informed him that if he insisted upon testifying, he would need to find another attorney to represent him. The issue is whether Attorney Barron's alleged threat amounted to coercion which might give petitioner grounds for an ineffective assistance of counsel claim. Although petitioners in McCann, Osorio-Norena and Siciliano were denied relief under similar circumstances, the added indicia of coercion was absent in those cases. Whether it has been sufficiently developed here is for the Court to determine.

Petitioner does not support his claim with any corroborating evidence, nor does he explain why, if the circumstances were as alleged, he did not bring the matter to the attention of the Court. Dowdell was constantly critical of his appointed counsel before, during and after trial and did not hesitate to request new counsel when he disagreed with them. In any event, petitioner's trial was in this Session and the Court is convinced that his testimony would not have made a difference in light of the overwhelming evidence of his guilt.

Nevertheless, out of an abundance of caution, the Court will exercise its discretion under Rule 7 of the Rules Governing Section 2255 Proceedings and direct Attorney Barron to submit an affidavit addressing 1) the factors bearing upon the decision not to put Dowdell on the stand and 2) whether he threatened to withdraw from the case if Dowdell insisted on testifying.

### III. Discovery Motions

The government has moved to compel the testimony of third-party counsel and the production of certain documents in their possession on the grounds that the information gleaned from such discovery is necessary to defend against petitioner's claim of ineffective assistance of counsel. Specifically, the government seeks documents "which concern, refer, or relate to" the issues raised in petitioner's motion to vacate as well as affidavits from the attorneys who represented Dowdell recounting the efforts made in his defense. The government makes this request of the following four attorneys who represented Mr. Dowdell during the corresponding periods before, during and after his trial:

1) Robert Murray (March 22, 2005 to February 14, 2006),
2) Victoria Bonilla (March 2, 2006 to September 14, 2006),
3) Kevin Barron (November 28, 2006 to November 1, 2007) and
4) Charles Rankin (August 26, 2008 to present).

The Court perceives that much of the requested discovery is rendered moot by its summary dismissal of Grounds One and Two of the motion to vacate and its Rule 7 discovery order. If, after receiving the aforementioned affidavit of Attorney Barron, the Court determines that further discovery is required, it will act accordingly.

### IV. Motion for Leave to Amend

Petitioner has moved for leave to file a partial amendment of his motion to vacate. Apparently, petitioner does not seek to add an additional ground but rather requests permission to

supplement the argument stated in his initial § 2255 petition. The government has opposed that motion on the grounds that petitioner failed to attach a draft of the amended petition. Petitioner later renewed his motion for leave to amend and attached a supplemental memorandum of law, which this Court presumes contains the supplemental argument at issue. Because that argument pertains to petitioner's IAD claims, which will be dismissed in any event, petitioner's motion for leave will be denied as moot.

V. **Motion for Status Report**

Finally, petitioner requests that the Court direct the government to file a status report detailing its efforts to file a responsive pleading to Ground Three of his § 2255 petition. Pursuant to Rule 5(a) of The Rules Governing Section 2255 Proceedings, the respondent is not required to answer the petition unless a judge so orders. Because this Court has not yet ordered the government to file a responsive pleading to Ground Three, the government is under no independent obligation to do so and petitioner's motion will be denied.

**ORDER**

In accordance with the foregoing,

1) Grounds One and Two of petitioner's motion to vacate are summarily dismissed;

2) Attorney Kevin Barron is directed to file an affidavit with this Court on or before the close of business on Friday, May 11, 2012, addressing a) the factors bearing

upon the decision whether to put Dowdell on the stand at his trial and b) whether he threatened to withdraw as counsel if Dowdell insisted on testifying;

3) The discovery motions (Docket Nos. 185, 186, 189, 190, 192, 193 and 196) are all **DENIED** without prejudice;

4) Petitioner's motions to amend (Docket Nos. 202 and 203) are **DENIED** as moot; and

5) Petitioner's motion for a status report (Docket No. 208) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated April 13, 2012